IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FRED ANTHONY HALEY, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:07-CV-266-Y |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A.    NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.    PARTIES**

Petitioner Fred Anthony Haley, TDCJ #573453, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Lovelady, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C.   **PROCEDURAL BACKGROUND**

On November 28, 1990, pursuant to a plea agreement, Haley pled guilty to murder with a deadly weapon and involuntary manslaughter in cause numbers 0372224D and 0372227D, respectively, in the Criminal District Court Number Two of Tarrant County, Texas. (Guilty Plea R. at 1, 13.) Thereafter, in accordance with the plea agreement, the trial court assessed his punishment at life imprisonment in cause number 0372224D, the sentence "to run prior to cause number 0372227D," and five years' imprisonment in cause number 0372227D, the sentence "to begin after the sentence imposed in cause number 0372224D ceases to operate (consecutive sentence pursuant to 42.08 TCCP)."[1] (*Id.*)

Haley was apparently reviewed for release on parole by the Texas Board of Pardons and Paroles (the Board) but denied release on November 2, 2004. (Respondent's Answer, Exhibit A.) His next review date is October 2007. (*Id.*) Haley challenged the Board's denial in two state habeas applications. The first, filed on May 23, 2005, was denied by the Texas Court of Criminal Appeals without written order on August 17, 2005. *Ex parte Haley*, State Habeas Application No. WR-62,305-01, at cover. The second, filed on August 7, 2006, was dismissed by the Texas Court of Criminal Appeals on October 18, 2006, as a successive application. *Ex parte Haley*, State Habeas Application No. WR-62,305-02, at cover. Haley filed this petition on March 23, 2007. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

---

[1] Haley mischaracterizes the date his five-year sentence was to begin. He asserts that, pursuant to the plea agreement, his five-year sentence was to begin when he became eligible for parole on his life sentence. (Pet'r Memorandum in Support at 2-3.) The record refutes this assertion. Instead, the plea agreement reflects that the five-year sentence is "to begin after the sentence imposed in cause number 0372224D ceases to operate [consecutive sentence pursuant to 42.08 TCCP]." (Guilty Plea R. at 16.)

2

**D.    ISSUES**

Haley argues that his life sentence denies him due process due to the vagueness of the statute providing for release to parole, that the Board's denial of his release to parole violates the plea agreement, and that the Board's application of current policies and/or statutes regarding release to parole violates his constitutional rights.[2]  (Petition at 7-8; Pet'r Memorandum in Support at 2.)

**E.    RULE 5 STATEMENT**

Quarterman believes Haley has failed to exhaust his state court remedies as to one or more of the claims presented as required by 28 U.S.C. § 2254(b) and (c), however, Quarterman requests dismissal of the petition on limitations grounds.  (Resp't Answer at 3-4.)

**F.    STATUTE OF LIMITATIONS**

Quarterman contends Haley's petition is untimely under 28 U.S.C. § 2244(d) and should be dismissed as such.  (Resp't Answer at 3-6.)   28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.  Section 2244(d) provides:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–

---

[2]In his petition and supporting memorandum, Haley makes reference to both parole and mandatory supervision.  Former article 42.12, § 15 of the Texas Code of Criminal Procedure provided that "[a] prisoner who is not on parole, except a person under sentence of death, shall be released to mandatory supervision by order of the Board when the calendar time served plus any accrued good conduct time equal the maximum term to which he was sentenced." *See* Act of May 30, 1977, 65th Leg., R.S., ch. 347, § 2, 1977 Tex. Gen. Laws 922, 927-28 (current version at TEX. GOV'T CODE ANN. §§ 508.147(a) (Vernon 1998)).  However, under state law, then and now, a life-sentenced inmate is not eligible for release to mandatory supervision under the statutory provision. *See Arnold v. Cockrell*, 306 F.3d 277, 278-79 (5th Cir. 2002); *Ex parte Franks*, 71 S.W.3d 327, 327-28 (Tex. Crim. App. 2001).  Moreover, any claim that he is being improperly denied mandatory supervision release was not properly raised and exhausted in state court.  Thus, the following discussion is relevant to the denial of parole only.

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (D), applicable to this case, the limitations period began to run as to Haley's claims regarding the denial of parole on the date the factual predicate of the claims could have been discovered through the exercise of due diligence. At the latest, Haley could have discovered the factual basis of his claims on November 2, 2004, the date of the Board's decision to deny him parole. Thus, his federal petition was due on or before November 2, 2005, absent any applicable tolling. Under § 2244(d)(2), the limitations period was tolled 86 days during the pendency of Haley's first state habeas application, making his petition due on or before January 27, 2006. His second state habeas application, filed after the limitations period had already expired did not operate to further toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Haley demonstrated sufficiently rare and exceptional circumstances that would justify application of the doctrine of equitable tolling. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Contrary to his assertion, a claim of actual innocence is not relevant to the timeliness of his petition and does not preclude the dismissal of a petition as untimely. *See Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir.

2002). Further, his allegations of fraud and breach of the plea agreement on the part of TDCJ or the Board are not supported by the record. Without substantiation in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative evidentiary value. *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)

Haley's petition was due on or before January 27, 2006; thus, his petition filed on March 23, 2007, is untimely.[3]

## II. RECOMMENDATION

It is therefore recommended that Haley's petition be dismissed as time barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 16, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings,

---

[3]Even if Haley's petition were timely, his claims do not provide a basis for federal habeas corpus relief as no constitutional violation has occurred. A state prisoner does not have a federal constitutional right to early release on parole. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). The decision to parole or not to parole is discretionary under Texas law. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Texas inmates have no constitutionally protected right to parole because the relevant Texas statutes, past and present, do not create a protectible liberty interest which would implicate constitutional considerations. *See Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995); *Creel v. Keene*, 928 F.2d 707, 711-12 (5th Cir. 1991). Thus, while a petitioner may be eligible for parole, the failure of the Board to grant parole does not merit federal habeas relief. *Orellana*, 65 F.3d at 31-32; *see also Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981).

5

conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until October 16, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 25, 2007.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE